SilverLining Interiors, Inc. v Arencibia (2026 NY Slip Op 00108)

SilverLining Interiors, Inc. v Arencibia

2026 NY Slip Op 00108

Decided on January 13, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 13, 2026

Before: Kern, J.P. SEQ CHAPTER \h \r 1, Kennedy, Higgitt, O'Neill Levy, Chan, JJ. 

Index No. 654207/25|Appeal No. 5555|Case No. 2025-04988|

[*1]SilverLining Interiors, Inc., Respondent,
vJoel Arencibia et al., Appellants.

Harris St. Laurent & Wechsler LLP, New York (Adam B. Oppenheim of counsel), for appellants.
Duane Morris LLP, New York (Leslie D. Corwin of counsel), for respondent.

Order, Supreme Court, New York County (Andrew Borrok, J.), entered on or about August 8, 2025, which granted plaintiff SilverLining Interiors, Inc.'s motion for a preliminary injunction enjoining defendants from competing with plaintiff under a noncompetition provision in defendant Joel Arencibia's employment agreement, unanimously reversed, on the law, with costs, and the motion denied. Order, same court and Justice, entered on or about August 12, 2025, which, to the extent appealed from, entered the preliminary injunction, unanimously reversed, on the law, with costs, and the injunction vacated.
In a prior action between the parties, Arencibia, who was terminated without cause from his employment with SilverLining, sought a declaration that SilverLining could not enforce a covenant not to compete contained in the parties' employment agreement. By order entered January 22, 2025, Supreme Court found that Arencibia was entitled to a declaration that the noncompetition provision as drafted was unenforceable against him. In arriving at this conclusion, the court found that "[a]s drafted," the provision prohibiting Arencibia from transacting business with any construction firm in the New York metropolitan area for a period of three years after his termination was "overbroad" and "was not saved by the virtue of paying him six months of severance" as provided for in the employment agreement (see Arencibia v SilverLining, Inc., 2025 WL 294685, *2-3 [Sup Ct, NY County 2025, index No. 659588/24]). Moreover, the court noted, although Arencibia could be compensated to forbear from competing, he was not being compensated for his forbearance for two and half years of the period in which SilverLining sought to enforce the covenant, and that this omission also made the covenant overbroad (id. at *4).
This Court affirmed the January 22, 2025 order, finding that "Supreme Court properly held that the covenant not to compete [was] unenforceable" because the restriction on competition was "overly broad" (Arencibia v SilverLining, Inc., 242 AD3d 566, 567 [1st Dept 2025]). This Court further found that "there [was] no basis for [SilverLining] to enforce an otherwise unenforceable noncompete covenant" (id.).
Given this Court's recent ruling that the noncompete covenant at issue here is overly broad and unenforceable, SilverLining cannot make the showing required for the imposition of a preliminary injunction enforcing the noncompete covenant. Thus, the
injunction granted by Supreme Court must be vacated (see U.S. Re Cos. Inc. v Scheerer, 41 AD3d 152, 155-156 [1st Dept 2007]; Modern Telecommunications v Zimmerman, 140 AD2d 217, 221 [1st Dept 1988]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 13, 2026